UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ADVOCARE INTERNATIONAL, L.P., a Texas limited partnership,<br><br>        Plaintiff,<br><br>   v.<br><br>RICHARD PAUL SCHECKENBACH, et al.,<br><br>        Defendants. | CASE NO. MC10-5010BHS<br><br>ORDER DENYING MOTION TO QUASH AMENDED WRIT OF EXECUTION ON REAL PROPERTY |

This matter comes before the Court on a third-party motion to quash Plaintiff's amended writ of execution on real property (Dkt. 1). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

On April 8, 2010, Carol Gillette ("Ms. Gillette"), filed the instant motion. Dkt. 1. On April 19, 2010, Plaintiff responded in opposition to the motion. Dkt. 6. On April 23, 2010, Ms. Gillette replied.

This matter arises from a judgment issued against Richard Paul Scheckenbach ("Mr. Scheckenbach") by the U.S. District Court for the Northern District of Texas. Dkt. 1 at 2. Plaintiff Advocare International, L.P. ("Advocare") is now attempting to collect on

ORDER - 1

the $11 million judgment obtained on July 10, 2008. *Id*. On February 12, 2010, Advocare obtained a writ of execution from this Court. *Id*. On March 18, 2010, Advocare filed an amended writ of execution. *Id*.

Ms. Gillette raises three arguments in support of quashing the amended writ. First, that no rule permits the amendment of a writ. *Id*. at 3. While the case law on this issue is sparse, the Court finds that it is a non-issue. *See Hazel v. Van Beek*, 135 Wn.2d 45 (1998) (finding no problem with the filing of an amended writ of execution against a defendant's interest in real estate). Further, Ms. Gillette fails to point to a statute proscribing such a practice.

Second, Ms. Gillette, argues that a second writ cannot issue while the original writ remains outstanding. Dkt. 1 at 3. However, the original writ was never served; therefore, it cannot be outstanding. *See* Dkt. 2 (copy of process receipt and return evidencing that the original writ was never served).

Finally, Ms. Gillette argues that the amended writ does not adequately specify that the property for which the writ of execution issued can only attach to Mr. Scheckenbach's one-half interest that he has in the subject property, which is community property he shares with Ms. Gillette (i.e., her interest is not subject to the writ). Dkt. 1 at 3; *see also* RCW 6.17.170 (limiting property being sold on execution to the debtor's interest). However, the amended writ of execution does specify that any sale of the property in question may only attach to the "non-exempt interest in the real property" held by Mr. Scheckenbach. Dkt. 1 at 6 (copy of amended writ). In other words, this language has the effect of limiting the writ's attachment to the interest that Mr. Scheckenbach holds in the communal property.

ORDER - 2

1  Therefore, because each of Ms. Gillette's theories fail, it is hereby **ORDERED**
2  that Ms. Gillette's motion to quash the amended writ of execution (Dkt. 1) is **DENIED**.
3  DATED this 17th day of May, 2010.

BENJAMIN H. SETTLE
United States District Judge